**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BARBARA CARROLL, individually, and as next friend of JEJUAN CARRADINE, JAMALE CARRADINE, and JAQUAN CARRADINE, | ) | |
| Plaintiffs, | ) | No: |
| v. | ) | |
| CHICAGO POLICE OFFICERS DANIEL KAVALAUSKAS (Star #15272), NICHOLAS POCIUS (Star #11106), PETER SPAIN (Star #5434), DEANNA WILLIAMS (Star #12116), KEION FEAZELL (Star #9848), UNKNOWN CITY OF CHICAGO POLICE OFFICERS, and the CITY OF CHICAGO, | ) | |
| Defendants. | ) | **JURY DEMANDED** |

## CIVIL COMPLAINT

NOW COME the Plaintiffs, by and through their attorneys, Mary J. Grieb and the Shiller Preyar Law Offices, complaining of the Defendants and in support thereof state as follows:

## INTRODUCTION

1. This action is brought pursuant to 42 U.S.C. § 1983 to address deprivations of Plaintiffs' rights under the Constitution of the United States.

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §§ 1983 and 1985; the judicial code 28 U.S.C. §§ 1331 and 1343(a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C. § 1367(a).

## VENUE

3. Venue is proper under 28 U.S.C. Section 1391 (b). The events described herein all occurred in the Northern District of Illinois.

**THE PARTIES**

4. Barbara Carroll has resided at all relevant times in the State of Illinois, County of Cook. She is the grandmother and legal guardian of minor Plaintiffs JeJuan Carradine, Jamale Carradine and Jaquan Carradine.

5. JeJuan Carradine, a minor, has resided at all relevant times in the State of Illinois, County of Cook. Plaintiff JeJuan Carradine was fifteen years old at the time of the incident.

6. Jamale Carradine, a minor, has resided at all relevant times in the State of Illinois, County of Cook. Plaintiff Jamale Carradine was sixteen years old at the time of the incident

7. Jaquan Carradine, a minor, has resided at all relevant times in the State of Illinois, County of Cook. Plaintiff Jaquan Carradine was fourteen years old at the time of the incident.

8. Defendant City of Chicago police officers Daniel Kavalauskas (Star #15272), Nicholas Pocius (Star #11106), Peter Spain (Star #5434), Deanna Williams (Star #12116), Keion Feazell (Star #9848), and Unknown City of Chicago Police Officers (referred to herein as "Defendant Officers") are present or former employees of the City of Chicago Police Department. They engaged in the conduct complained of while on duty and in the course and scope of their employment and under color of law. They are sued in their individual capacities.

9. Defendant City of Chicago is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant Officers. At all times relevant hereto, all Defendant Officers were acting under the color of law and within the scope of their employment with Defendant City of Chicago.

## BACKGROUND

10. On June 24, 2010, Plaintiffs JeJuan Carradine, Jamale Carradine, and Jaquan Carradine were at or near their home at 6832 S. Bishop Street in Chicago, Illinois.
11. Early in the morning on that same day, Plaintiff Barbara Carroll called 911 after a neighbor, Robert Williams, attacked Plaintiff JeJuan Carradine.
12. Sometime thereafter, Chicago police officers arrived and arrested Williams.
13. After being released from Chicago Police custody several hours later, Williams returned to Plaintiffs' home and began shouting obscenities and causing a disturbance.
14. Unknown Chicago Police officers arrived on scene, did not arrest Williams, and left the area.
15. Shortly thereafter, Williams again returned to Plaintiffs' home and began threatening Plaintiffs.
16. Defendant Officers arrived on scene and ordered Plaintiff JeJuan Carradine to the ground, pushed his hands behind his back, and placed handcuffs on him.
17. While Plaintiff JeJuan Carradine was handcuffed and faced down to the ground, Defendant Officers kicked him twice, put a knee in his back, and tased him in the back.
18. When Plaintiff Jaquan Carradine was in the gangway on the south side of 6832 S. Bishop, a Defendant Officer jumped onto Jaquan, stepped on his head, sprayed pepper spray into his face, and tased him on the side of his body.
19. Plaintiff Jamale Carradine, who had been upstairs at 6832 S. Bishop receiving treatment for his asthma, came out onto the front porch of the house and leaned against the railing.
20. At or near the front porch of the house at 6832 S. Bishop, another Defendant Officer sprayed pepper spray into Plaintiff Jamale Carradine's face.

21. Plaintiff Barbara Carroll's granddaughter took Plaintiff Jamale Carradine upstairs to rinse the pepper spray off his face, but Jamale's condition was worsening and he could not breathe.

22. Plaintiff Barbara Carroll called 911 to request an ambulance for Jamale.

23. Plaintiff Barbara Carroll's son carried Jamale downstairs from the second-story apartment because he could not walk on his own. Jamale then passed out on the porch.

24. When an ambulance arrived to the neighborhood, Defendant Officers would not allow the paramedics to come to Carroll's home and attend to Jamale.

25. Someone then carried Jamale towards the ambulance, which was parked at or near the intersection of 69th Street and Bishop, and laid him on the ground in the grass.

26. Plaintiff Barbara Carroll and several neighbors screamed to Defendant Officers and the paramedics on scene that Jamale was asthmatic, 16 years old, and "dying."

27. After approximately 10-20 minutes, Defendant Unknown officers finally allowed paramedics to assist Jamale.

28. As a result of being sprayed in the face with pepper spray, and the delay in receiving medical treatment, Plaintiff Jamale Carradine suffered from respiratory failure.

29. As a result of Defendant Officers' misconduct, Plaintiff Jamale Carradine spent several days at Holy Cross Hospital and Stroger Hospital.

30. On that same day, Defendant Officers arrested Plaintiffs Jaquan Carradine and JeJuan Carradine and transported them to the police station.

31. Plaintiffs Jaquan Carradine and JeJuan Carradine were detained at the police station for several hours and then released without being charged with any crime.

32. Several days after June 24, 2010, Plaintiff Barbara Carroll took Plaintiffs Jaquan Carradine and JeJuan Carradine to Holy Cross Hospital to treat their injuries.

## COUNT I

### 42 U.S.C. § 1983 – Excessive Force

33. Plaintiffs re-allege and incorporate all of the allegations in the preceding paragraphs.
34. Defendants Officers inflicted violence upon Plaintiffs JeJuan Carradine, Jamale Carradine, and Jaquan Carradine that was excessive, unnecessary, and grossly disproportionate to the need for action under the circumstances.
35. When inflicting violence upon Plaintiffs, Defendant Officers were acting "under color of state law."
36. The actions of Defendant Officers in inflicting violence upon Plaintiffs were willful, intentional, malicious, and/or done with a reckless indifference and callous disregard for their rights, amounting to an abuse of power that shocks the conscience.
37. As a result of excessive force inflicted by Defendant Officers, Plaintiffs sustained physical injuries as well as emotional damages and suffering.

WHEREFORE, Plaintiffs demand judgment against the Defendant Officers, jointly and severally, for compensatory damages, punitive damages, costs and attorney's fees, medical expenses, and such other and additional relief that this Court deems equitable and just.

## COUNT II

### 42 U.S.C. § 1983 – Failure to Intervene

38. Plaintiffs re-allege and incorporate all of the allegations in the preceding paragraphs.
39. Defendant Officers had a reasonable opportunity to prevent the use of excessive force against Plaintiffs JeJuan Carradine, Jamale Carradine, and Jaquan Carradine and prevent their injuries, but failed to do so.

40. As a result of the Defendant Officers' failure to intervene, Plaintiffs have suffered physical and emotional injuries.

41. Defendant Officers' misconduct was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiffs' rights.

WHEREFORE, Plaintiffs demand judgment against the Defendant Officers, jointly and severally, for compensatory damages, punitive damages, costs and attorney's fees, medical expenses, and such other and additional relief that this Court deems equitable and just.

## COUNT III

### 42 U.S.C. § 1983 – Failure to Provide Medical Attention

42. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

43. Plaintiff Jamale Carradine had a serious need for medical attention from being maced while suffering from asthma.

44. Plaintiffs Jamale Carradine and Barbara Carroll requested medical treatment for Jamale numerous times.

45. Defendant Officers were deliberately indifferent to this serious medical need by failing to allow Plaintiff Jamale Carradine prompt access to an ambulance and the services of paramedics.

46. This misconduct by Defendant Officers caused harm to Plaintiff Jamale Carradine.

47. This misconduct was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiff Jamale Carradine's rights.

WHEREFORE, Plaintiff Jamale Carradine demands judgment against the Defendant Officers, jointly and severally, for compensatory damages, punitive damages, costs and

attorney's fees, medical expenses, and such other and additional relief that this Court deems equitable and just.

## COUNT IV

### 42 U.S.C. § 1983 – Unlawful Seizure/ False Arrest

48. Plaintiffs re-allege and incorporate all of the allegations in the preceding paragraphs.
49. Under 42 U.S.C. § 1983, a person who, acting under color of state law, deprives another person of his federal constitutional rights is liable to the injured party.
50. The actions of the Defendant Officers described above, whereby they knowingly seized Plaintiffs JeJuan Carradine and Jaquan Carradine, without probable cause or any other justification constituted deliberate indifference to their rights under the U.S. Constitution, thus violating the Fourth and Fourteenth Amendments to the United States Constitution.
51. As a result of the illegal seizures, Plaintiffs JeJuan Carradine and Jaquan Carradine were injured, including loss of liberty, emotional damages, trauma, humiliation, mental distress, and anguish.
52. The actions of the Defendant Unknown Officers were objectively unreasonable and were undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiffs' rights.

WHEREFORE, Plaintiffs demand judgment against the Defendant Officers, jointly and severally, for compensatory damages, punitive damages, costs and attorney's fees, medical expenses, and such other and additional relief that this court deems equitable and just.

## COUNT V

### State Claim - Intentional Infliction of Emotional Distress

53. Plaintiffs re-allege and incorporate all of the allegations in the preceding paragraphs.

54. The acts and conduct of Defendant Officers, as set forth above, were extreme and outrageous.

55. In particular, the conduct of Defendant Officers in using excessive force upon Plaintiffs JeJuan Carradine, Jamale Carradine, and Jaquan Carradine, including the use of a taser gun and pepper spray against them for no valid law enforcement purpose placed Plaintiffs in a state of anxiety, fear, and humiliation, and caused them physical pain and severe emotional distress.

56. As a result of Defendant Officers' use of excessive force against her minor grandchildren, Plaintiff Barbara Carroll suffered severe emotional distress.

57. As a result of Defendant Officers' use of excessive force against Plaintiffs Jaquan Carradine, JeJuan Carradine, and Jamale Carradine, they suffered severe emotional distress.

58. Defendant Officers intended to cause, or were in reckless disregard of the probability that their conduct would cause, severe emotional distress to Plaintiffs.

59. The conduct of the Defendant Officers was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiffs.

60. Said actions and conduct caused Plaintiffs extensive grief and suffering by the unwarranted excessive force directed to them.

WHEREFORE, Plaintiffs demand judgment against Defendant Officers, jointly and severally, for compensatory damages, punitive damages, costs and attorneys' fees, medical expenses, and such other and additional relief as this Court deems equitable and just.

## COUNT VI

### State Claim - Assault

61. Plaintiffs re-allege and incorporate all of the allegations in the preceding paragraphs.

62. Acting under color of law, the Defendant Officers denied Plaintiffs' rights by assaulting them.

63. Plaintiffs JeJuan Carradine, Jamale Carradine, and Jaquan Carradine believed that they were in danger of being battered by the Defendant Officers.

64. Plaintiffs' belief of an imminent battery was reasonable.

65. Any reasonable person would also have become apprehensive in the face of the Defendant Officers' threatening conduct.

66. The Defendant Officers' conduct that resulted in this assault was undertaken with malice, willfulness, and reckless indifference to Plaintiffs' rights.

WHEREFORE, Plaintiffs demand judgment against Defendant Officers, jointly and severally, for compensatory damages, punitive damages, costs and attorney's fees, medical expenses, and such other and additional relief that this Court deems equitable and just.

## COUNT VII

### State Claim - Battery

67. Plaintiffs re-allege and incorporate all of the allegations in the preceding paragraphs.

68. Without the consent of Plaintiffs, Defendant Officers intentionally, harmfully, and offensively touched Plaintiffs by using excessive force on them.

69. The Defendant Officers' conduct that resulted in this battery was undertaken with malice, willfulness, and reckless indifference to Plaintiffs' rights.

WHEREFORE, Plaintiffs demand judgment against the Defendant Officers, jointly and severally, for compensatory damages, punitive damages, costs and attorney's fees, medical expenses, and such other and additional relief that this Court deems equitable and just.

## COUNT VIII

**Indemnity Claim - 745 ILCS 10/9-102**

70. Plaintiffs re-allege and incorporate all previous paragraphs.

71. Defendant City of Chicago is the employer of Defendant Officers.

72. Defendant Officers committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

73. In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 745 ILCS 10/9-102.

74. As a proximate cause of Defendant Officers' unlawful acts, which occurred within the scope of their employment activities, Plaintiffs were injured.

WHEREFORE, should any Defendant Officer be found liable on one or more of the claims set forth above, Plaintiffs demand, pursuant to 745 ILCS 10/9-102, that Defendant City of Chicago be found liable for any compensatory judgment Plaintiffs obtain against said Defendants, as well as attorneys' fees and costs awarded, medical expenses, and such other and additional relief that this Court deems equitable and just.

**COUNT IX**

***Respondeat Superior* Liability for State Law Claims Against Individual Officers**

75. Plaintiffs re-allege and incorporate all previous paragraphs.

76. Defendant City of Chicago is the employer of Defendant Officers.

77. Defendant City of Chicago is liable for its employees' actions under the doctrine of *respondeat superior*.

78. The acts of Defendant Officers described in the state law claims specified above were willful and wanton and committed in the scope of their employment as employees of the Defendant City of Chicago.

79. As a proximate cause of Defendant Officers' unlawful acts, which occurred within the scope of their employment activities, Plaintiffs were injured.

WHEREFORE, should any Defendant Officer be found liable on one or more of the state law claims set forth above, Plaintiffs demand that Defendant City of Chicago be found liable under a *respondeat superior* theory of liability for any compensatory judgment Plaintiffs obtain against said Defendants, as well as attorneys' fees and costs awarded, medical expenses, and such other and additional relief that this Court deems equitable and just.

**PLAINTIFFS DEMAND TRIAL BY JURY.**

Respectfully Submitted,

Plaintiffs BARBARA CARROLL, individually, and as next friend of JEJUAN CARRADINE, JAMALE CARRADINE, and JAQUAN CARRADINE

By One of THEIR Attorneys:

s/ Mary J. Grieb____

Mary J. Grieb
The Shiller Preyar Law Offices
4554 N. Broadway, Suite 325
Chicago, IL 60640
(773) 907-0940