Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon J. Coleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7778 | **DATE** | 3/12/2012 |
| **CASE TITLE** | Barbara Carroll, et al. Vs. Daniel Kavalauskas, et al. | | |

**DOCKET ENTRY TEXT**

Defendants' motion to dismiss claims IV, V and VI of the Amended Complaint against the City of Chicago [58] is denied.

■[ For further details see text below.]

Docketing to mail notices.

---

## STATEMENT

For the following reasons, defendants' motion to dismiss as it relates to the claims against the City of Chicago [58] is denied. On August 23, 2011, plaintiffs filed an Amended Complaint naming four additional Chicago police officers, Scott Celani, Jeffery Rodenberg, Chris Gofron, and Thomas Cepeda (collectively "Added Defendants") as defendants in this action. On that same day, defendants filed a partial motion to dismiss the Added Defendants from the state law claims in the Amended Complaint. These claims include the following: intentional infliction of emotional distress (count IV), assault (count V) and battery (count VI). At the motion hearing on September 7, 2011, the plaintiffs conceded that dismissal of the Added Defendants from counts IV, V and VI of the Amended Complaint was proper because those claims were barred by the one-year statute of limitations on state law claims. Therefore, claims IV, V and VI against the Added Defendants were dismissed. Given the dismissal of the state claims against the Added Defendants, defendants now argue that to the extent plaintiffs' state law claims fail against the Added Defendants, the state law claims against the City of Chicago fail as well. Therefore, they contend that the City of Chicago should be dismissed from claims VI, V and VI of the Amended Complaint.

Courts in this district have consistently held that failure to add an employee before the passing of the statute of limitations does not bar relief from a timely filed claim against the employer under a theory of *respondeat superior. See Prate v. Village of Downers Grove,* No. 11 -cv-3656, 2011 WL 5374100, at *5 (N.D. Ill. Nov. 7, 2011); *Wright v. Village of Calumet Park,* No. 09—cv-3455, 2009 WL 4545191, at *4 (N.D.Ill. Dec.2, 2009); *Beal v. City of Chicago,* No. 04 C 2039, 2007 WL 1029364, at *14 (N.D.Ill. Mar.30, 2007); *Vodak v. City of Chicago,* No. 03 C 2463, 2006 WL 1049736, at *1 (N.D.Ill. Apr. 19, 2006). This is so because in "an action by a third party based on injuries caused by the negligence of the servant, the servant is not a necessary party in an action against the master." *McCottrell v. City of Chicago,* 135 Ill. App.3d 517, 519, 481 N.E.2d, 1058, 1059 (1st Dist. 1985). Therefore, a public entity could be held liable even though its employee is not named in the lawsuit. *Id.* at 520. The fact that this Court has found that the state claims against the Added Defendants are time barred does not change this result. *See Vodak, 2006 WL 1049736,* at 5 (citing *Bachenski v. Malnati,* 11 F.3d 1371, 1378 n. 9 (7th

**STATEMENT**

Cir. 1994)) (recognizing that "the only cases relieving a municipality of liability are those cases in which an affirmative finding was made that the individual officer was not liable.") Defendants, however, contend that *McCottrell* does not apply here because the Added Defendants here were not simply absent from the matter, but were involuntarily dismissed. Instead, they urge the Court to rely on the Illinois law which states that "a local public entity is not liable for an injury from an act or omission of its employee where the employee is not liable." 745 ILCS 10/2-109. No case law exists to support defendant's distinction. Alternatively, as indicated above, several courts in this district with cases factually similar to this one have followed the *McCottrell* reasoning. Accordingly, defendants' motion to dismiss claims IV, V and VI of the Amended Complaint against the City of Chicago [58] is denied.